

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## BEAUMONT DIVISION

| | | |
|---|---|---|
| **JAMES KING,** | § | |
| *Plaintiff,* | § | |
| | § | |
| **V.** | § | **NO. 1:09-CV-983** |
| | § | |
| **PROVIDENT LIFE AND** | § | |
| **ACCIDENT INSURANCE COMPANY,** | § | |
| **UNUM GROUP, and ROY CARROLL,** | § | |
| *Defendants.* | § | |

## REPORT AND RECOMMENDATION
## RE PLAINTIFF'S MOTION TO REMAND

Pursuant to 28 U.S.C. § 636 and the Local Rules for the United States District Court for the

Eastern District of Texas, the District Court referred this matter to the undersigned United States

Magistrate Judge, at Beaumont, Texas, for entry of findings and recommendation on case-

dispositive motions and determination of non-dispositive matters.[1]  Pending before the Court is the Plaintiff's *Motion to Remand* [Clerk's doc. #4].

**Background**

i.        Pled Claims and Facts

On September 25, 2009, Plaintiff, James King ("Plaintiff" or "Dr. King") filed his Original Petition in the 136th Judicial District Court of Jefferson County, Texas, against Defendants Provident Life and Accident Insurance Company ("Provident Life"), Unum Group ("Unum") and Roy Carroll ("Carroll").  *See Plaintiff's Original Petition, filed with Notice of Removal* [Clerk's doc. #1].  According to the facts set forth in Plaintiff's Petition, Provident Life issued a Disability Income Policy ("The Policy") to Dr. King.  *See Petition*.  King states that he is a medical doctor who purchased the policy to protect himself in the unfortunate event that he was unable work.  In 2005, he "sustained injuries which prevented him from performing his work tasks and rendered him completely disabled."  *Id*.  In summary, Plaintiff contends that Provident Life and/or Unum wrongfully denied his claim for lifetime disability benefits under the Policy.  He also states that "Provident and/or Unum assigned Roy Carroll to adjust the claim and to explain the policy and the claims process on its behalf.  Roy Carroll made home visits to Plaintiff's residence to discuss the terms of the Policy and to discuss certain coverages."  *Id*.

---

[1] Because 28 U.S.C. § 636 directs against magistrate judges against disposing of claims or defenses absent consent of all parties, the undersigned elects to follow a procedure previously established by United States Magistrate Judge Earl S. Hines in this District.  *See First Baptist Church of Mauriceville v. GuideOne Mutual Insurance Company*, No. 1:07-CV-988,  2008 U.S. Dist. LEXIS 75961, 2008 WL 4533729 (E. D. Tex. Sept. 29, 2008) ("When remand is *proper*, the undersigned submits a report with a recommendation for remand.  By objecting pursuant to Rule 72(b), Federal Rules of Civil Procedure, a party opposing remand may secure *de novo* review by the district judge prior to remand.  Conversely, when remand is *inappropriate*, the undersigned simply denies the motion.  The unsuccessful movant may then appeal that order to the presiding district judge pursuant to Rule 72(a).")

Based upon these alleged facts, Plaintiff asserts the following causes of action. Against Provident Life and Unum, he claims breach of contract, violations of the Texas Insurance Code, Section 541.060(a) by engaging in unfair settlement practices, violations of the Texas Insurance Code's provisions governing prompt payment of claims; breach of the duty of good faith and fair dealing and anticipatory breach of the insurance contract. *See Petition*. The Plaintiff's Petition also asserts a cause of action for alleged unfair settlement practices by Defendant Roy Carroll, in violation of the Texas Insurance Code. King also alleges a claim of common law fraud against all three Defendants. Only the claims against Defendant Carroll are put at issue by the motion to remand. Accordingly, the Court will focus on those causes of action against Mr. Carroll.

ii.      Notice of Removal and Motion to Remand

On November 25, 2009, Defendants Provident Life and Unum filed their Notice of Removal to this United States District Court. *See Notice of Removal* [Clerk's doc. #1]. As grounds for removal, Defendants contend that the only non-diverse Defendant, Roy Carroll, was improperly joined solely in an attempt to defeat this Court's jurisdiction, and that the amount in controversy exceeds the jurisdictional requirement of this Court. *See Notice of Removal*. Accordingly, Defendants removed the case on the basis of the diversity of citizenship pursuant to 28 U.S.C. § 1332. *Id.*

On December 23, 2009, Plaintiff filed his Motion to Remand [Clerk's doc. #4] and memorandum of law in support. Plaintiff generally argues that the removal was flawed because Roy Carroll was not improperly joined. Plaintiff avers that he can maintain valid claims against Carroll because he is a "person" engaged in the business of insurance under the Texas Insurance Code and because the Petition and King's supporting affidavits presented with the Motion to

Remand sufficiently present a reasonable basis for predicting that Texas law will allow recovery against [Carroll]." *See Motion to Remand*, at p.2

Defendants responded in opposition, arguing that the Plaintiff cannot claim liability against Carroll under the Texas Insurance Code. *See Response of Defendants Provident Life and Unum* [Clerk's doc. #6]. In support, they state that Carroll is not a "person" engaged in the business of insurance for purposes of the Insurance Code and therefore cannot be held liable. *Id.* Their response further argues that Dr. King's affidavit is insufficient under relevant legal standards to establish that Carroll was a "person" for purposes of the Insurance Code. *Id.* Defendants also state that under the applicable case law governing improper joinder, there is no factual fit between Plaintiff's factual allegations and the claims against Carroll under the Insurance Code. *Id.* Finally, the Defendants' response contends that the common law claims against Carroll are without merit in that they are conclusory and have no pled facts to support them in the Petition.

Plaintiff replied to the response, and the Defendants filed a sur-reply. *See Reply* [Clerk's doc. #8] and *Sur-Reply* [Clerk's doc. #9]. Rather than discuss those briefs verbatim, for the sake of efficiency the Court will refer to them as needed in its analysis below and simply notes that they reiterate the parties' key arguments and discuss the relevant legal standards for the improper joinder analysis and the claims at issue under the Insurance Code.

**Discussion**

i.      Legal Standards: Jurisdiction and Remand Procedure

This Court is of limited jurisdiction and may hear a case only when jurisdiction is both authorized by the United States Constitution and confirmed by statute. *Owen Equip. Co. v. Kroger*, 437 U.S. 365, 371 (1978); *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377

(1994); *In re Bissonnet Invs. L.L.C.*, 320 F.3d 520, 525 (5th Cir. 2003).  It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.  *Kokkonen*, at 377.

Title 28, United States Code, Section 1441(b) permits a defendant to remove an action to federal court based on diversity of citizenship.[2]  Title 28, United States Code, Section 1447(c) authorizes motions to remand to the state court if the removal was defective.[3]

The removing party bears the burden of showing that federal jurisdiction exists and removal was proper.  *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir.), *cert. denied,* 516 U.S. 865 (1995); *see also DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3, 126 S. Ct. 1854, 164 L. Ed. 2d 589 (2006) (the party asserting federal jurisdiction when it is challenged has the burden of establishing it); *Peoples Nat. Bank v. Office of Comptroller of Currency of U.S.*, 362 F.3d 333, 336 (5th Cir. 2004) (citing *Pettinelli v. Danzig,* 644 F.2d 1160, 1162 (5th Cir.1981)).   Ambiguities and doubts should be construed against removal because the removal statute should be strictly construed in favor of remand.  *Manguno*, at 723.  When determining whether jurisdiction is present and removal is proper, the Court is to consider the claims as alleged in the state court petition as they existed at the time of removal.  *Id.*  Because the petition as filed in state court controls the inquiry, post-removal filings may not be considered when or to the extent that they present new causes of action or

---

[2]        "Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. *Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.*"  Title 28, United States Code, Section 1441(b) (emphasis added).

[3]        "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  Title 28, United States Code, Section 1447(c).

theories. *First Baptist Church of Mauriceville v. Guideone Mutual Insurance Co.*, No. 1:07-CV-988, 2008 U.S. Dist. LEXIS 75961 at *9-*10, 2008 WL 4533729 (E.D. Tex. Sept. 29, 2008) (Hines, J.) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999); *Cavallini v. State Farm Mut. Auto Ins. Co,* 44 F.3d 256, 264 (5th Cir. 1995)). Therefore, when determining the propriety of removal, the court must consider the language in Plaintiff's Original Petition filed in state court.

Complete diversity of citizenship must exist between all plaintiffs and all defendants to establish federal subject matter jurisdiction. *See Strawbridge v. Curtiss*, 7 U.S. 267, 2 L. Ed. 435 (1806); *Whalen v. Carter*, 954 F.2d 1087, 1094 (5th Cir. 1992). Simply stated, "all the parties on one side must be citizens of the state in which the suit is brought, and all the parties on the other side must be citizens of some other state or states." *Louisville C. & C.R. Co. v. Letson,* 43 U.S. 497, 500 (1844). Only citizenship of properly joined parties can establish federal subject matter jurisdiction. *Smallwood v. Illinois Central R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004) (en banc), *cert. denied* 544 U.S. 992 (2005).

ii.    Legal Standards:  Improper Joinder

In *Smallwood,* the Fifth Circuit stated that "the doctrine of improper joinder rests on these statutory underpinnings, which entitle a defendant to remove to a federal forum unless an in-state defendant has been 'properly joined.'" *Smallwood*, 385 F.3d at 573. Since the purpose of the improper joinder inquiry is to determine whether the in-state defendant was properly joined, the focus of the inquiry must be on the joinder, not the merits of the plaintiff's case. *Id.*

Given this focus, *Smallwood* recognized two ways to establish improper joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* Quoting *Travis v. Irby*, 326 F.3d 644, 646-

47 (5th Cir. 2003). In this case, only the second implication of improper joinder is as issue. *See Defendants' Response*, at p. 6 ("[h]ere, Defendants argue the latter.") The removing party who claims improper joinder must prove that plaintiff's petition fails to establish a valid cause of action against the non-diverse party. *Id.* As the Fifth Circuit further explained in *Smallwood*, the test for determining the ability of the plaintiff to establish a cause of action against the non-diverse party in state court hinges upon there being "no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573. Put another way, "there must be a *reasonable* possibility of recovery, not merely a *theoretical* one." *Menendez v. Wal-Mart Stores*, No. 09-40993, 2010 U.S. App. LEXIS 2139 at *17, 2010 WL 445470 (5th Cir. Feb. 1, 2010) (quoting *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007)) (emphasis and quotation marks in original).

"[T]he standard for evaluating a claim of improper joinder is similar to that used in evaluating a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)."[4] *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007) (citing *Ross v. Citifinancial, Inc.*, 344 F.3d 458, 462 (5th Cir. 2003), *cert. denied* 546 U.S. 813 (2005)). "The scope of the inquiry for improper joinder, however, is broader than that for Rule 12(b)(6) because the court may 'pierce the pleadings' and consider summary judgment-type evidence to determine whether the plaintiff has a basis in fact for the claim." *Campbell*, 509 F.3d at 669 (citing *Ross*, 344

---

[4]      Any defendant may move to dismiss under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). On a Rule 12(b)(6) motion, the court must decide whether the facts alleged, if true, would entitle plaintiff to some legal remedy. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Dismissal is proper only if there is either: (1) "the lack of a cognizable legal theory," or (2) "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988). *See also Kurth v. Gonzales*, 469 F. Supp. 2d 415, 421 (E.D. Tex. 2006)(Hines, J.); *Thomas v.. Norris*, 2009 WL 3856920, at *4, 2009 U.S. Dist. LEXIS 107447 (E.D. Tex. Nov. 16, 2009)(Hines, J.).

F.3d at 462); *see Travis*, 326 F.3d at 648-49. The decision to pierce the pleadings is discretionary. *Smallwood*, 385 F.3d at 573; *see also McKee v. Kansas City Southern Ry. Co.*, 358 F.3d 329, 334 (5th Cir. 2004); *Travis*, 326 F.3d at 649. The court may consider summary judgment-type evidence such as affidavits "to the extent that the factual allegations in...affidavit[s] clarify or amplify the claims actually alleged in the...petition." *Griggs v. State Farm Lloyds*, 181 F.3d 694, 700 (5th Cir. 1999) (internal quotation marks omitted). In doing so, the court must also take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff. *Menendez*, 2010 U.S. App. LEXIS 2139 at *18 (quoting *Travis*, 326 F.3d at 649). Any ambiguities in state law or contested fact issues must be resolved in favor of the plaintiff. *Id.*

The court must determine whether Plaintiff has set forth "specific actionable conduct" to support his claim against the non-diverse defendant. *Griggs*, 181 F.3d at 699. "[W]hether the plaintiff has stated a valid state law cause of action depends upon and is tied to the *factual fit* between the plaintiff's allegations and the pleaded theory of recovery." *Griggs*, 181 F.3d at 701 (emphasis added). "To survive a Rule 12(b)(6) motion, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.' " *In re Katrina Canal Breaches Litigation,* 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007)).

Recent Supreme Court decisions clarify what a factual fit is. A complaint must aver sufficient factual matter which, if accepted as true, states a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949, 173 L. Ed.2d 868 (2009). Pleaded factual content must be sufficient to allow the court to draw a reasonable inference that the defendant is liable for

the misconduct alleged. *Doucet v. State Farm Fire and Cas. Co.,* No. 1:09-CV-142, 2009 WL 3157478, 2009 U.S. Dist. LEXIS 89106 at *18-*19 (E.D. Tex. Sept. 25, 2009) (Hines, J.) (citing *Iqbal*, 129 S. Ct. at 1949) (emphasis in original). Pragmatically, this means that the state-court petition must allege facts sufficient to establish the essential elements of each asserted cause of action. *Id. Citing Tuchman v. DSC Communications Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994); *Chemtreat, Inc. v. Chemtech Chem. Servs., LLC*, No. 1:07-CV-147, 2007 U.S. Dist. LEXIS 90175, 2007 WL 4353420, at *5 (E.D. Tex. Dec. 7, 2007); *Omda Oil and Gas, Inc. v. Young Oil, Corp.*, No. 3:06-CV-439M, 2006 U.S. Dist. LEXIS 30314, 2006 WL 1343640, at *2 (N.D. Tex. May 17, 2006). Further, merely lumping diverse and non-diverse defendants together in undifferentiated liability averments of a petition does not satisfy the requirement to state *specific actionable conduct* against the non-diverse defendant. *Id*. Citing *Griggs*, 181 F.3d at 699. Similarly, it inevitably follows that merely asserting a laundry list of statutory violations without factual support as to *how* a non-diverse defendant violated the statute will not suffice. *Id.*

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 555). The "mere hypothetical possibility that such an action could exist" is insufficient to establish a state law cause of action. *Id. See also Campbell*, 509 F.3d at 669. Conclusory allegations that a defendant violated the code – without asserting what the defendant said or did in violation of the code – fail to establish a factual fit between the defendant's conduct and alleged violations of law. *Bailey v. State Farm Lloyd's*, No. Civ. A. H-00-3638, 2001 U.S. Dist. LEXIS 43420, 2001 WL 34106907, at *5 (S.D. Tex. Apr. 12, 2001). A "'near-verbatim recitation of portions of [unfair settlement practices specified in the Texas Insurance Code]' does not create a

colorable claim against [a defendant] unless coupled with *facts* indicating the [defendant's] *individual* role in the alleged events." *GuideOne,* 2008 U.S. Dist. LEXIS 75961 at *13 (quoting *Killion v. Allstate Texas Lloyds*, No. CA-C-03-442-H, 2004 WL 612843, at *5 (S.D. Tex. Feb. 25, 2004)). Thus failure to demonstrate a "factual fit" results in a finding of improper joinder, and denial of a motion to remand to state court.

### iii. Claims against Carroll and the Texas Insurance Code

As discussed above, the Petition states that "Provident and/or Unum assigned Roy Carroll to adjust the claim and to explain the policy and the claims process on its behalf. Roy Carroll made home visits to Plaintiff['s] residence to discuss the terms of the policy and to discuss certain coverages." *Petition*, at ¶16. Plaintiff's Original Petition goes on to state how "Defendants Provident, Unum, and/or Carroll" committed alleged violations of Section 541.060 of the Texas Insurance Code, which governs unfair settlement practices. *Id.* at ¶ 19, 20, 21, 22, 23. The Petition also restates these causes of action specifically against Carroll and further states that he falls within the definition of "person" for purposes of the Texas Insurance Code as defined by Section 541.002(2). *Id.* at ¶46, 47, 48, 49, 50, 51, 52. Each of Plaintiff's contentions regarding unfair settlement practice closely tracks language in Section 541.060 of Texas Insurance Code. *See Appendix, infra,* for comparison of Plaintiff's contentions and the language of Section 541.060.

As for the common law claims of fraud and conspiracy to commit fraud, the motion to remand does not turn on these claims and the parties' briefs instead focus on the causes of action under the Insurance Code. Furthermore, the common law claims against Carroll are premised upon the same stated facts made the basis of the alleged violations of the Texas Insurance Code. *See*

*Petition,* at ¶ 53, 54, 55, 56. For these reasons, the Court's analysis will focus on the Plaintiff's pled statutory claims against Carroll.

> iv.     Application

> *Is Carroll a "person" subject to liability within the meaning of the Texas Insurance Code?*

Section 541.003 of the Texas Insurance Code states that "[a] person may not engage in . . . an unfair or deceptive act in the business of insurance." The word "person," however, does not refer to just anyone. Section 541.002(2) of the Texas Insurance Code defines a person as "an individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyd's plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, adjuster, or life and health insurance counselor." TEX. INS. CODE. § 541.002(2). Thus, to be a "person" who may be liable for committing a deceptive act, the individual must be engaged in the business of insurance.

In *Liberty Mutual Ins. Co. v. Garrison Contractors, Inc.,* the Texas Supreme Court determined that independent agents and brokers, as well as employees of insurance companies are "persons" under the Texas Insurance Code. 966 S.W.2d 482, 485-86 (Tex. 1998). However, the Texas Supreme Court emphasized that "not every employee of an insurance company is a 'person' under [the Insurance Code][5] subject to suit." *Id*. at 486 To come within the statute, an employee

_____

[5]The Texas Supreme Court's opinion in *Garrison* interpreted provisions of Article 21.21 of the Texas Insurance Code, the predecessor statute to the sections of the Insurance Code at issue here. Article 21.21 was recodified as Chapter 541, effective April 1, 2005. *See* Act of June 21, 2003, 78th Leg., R.S., ch. 1274, § 1 (2003). The Texas Supreme Court has since noted that the Texas Legislature's recodification of the Texas Insurance Code involved "nonsubstantive revisions renumbering and reorganizing the Insurance Code." *Farmers Group, Inc. v. Lubin*, 222 S. W.3d 417, 422 n.11 (Tex. 2007). As no material changes were made in the provisions relevant to this suit, the Court will cite to the current Code. *See Mayorga v. Gov't Employees Ins. Co.*, No. C-09-339, 2010 WL 300350, 2010 U.S. Dist. LEXIS 4023 at *2

(continued...)

must engage in the business of insurance. *Id.* An employee who has no responsibility for the sale or servicing of insurance policies and no special insurance expertise, such as a clerical worker or janitor, does not engage in the insurance business for purposes of Section 541 liability. *Id. See also Mayorga*, 2010 U.S. Dist. LEXIS 4023 at *7.

In *Garrison*, the defendant personally carried out the transaction that formed the core of the plaintiff's complaint. *Id.* The defendant testified that his job responsibilities included soliciting and obtaining insurance policy sales and explaining policy terms to prospective buyers. *Id.* He was also responsible for explaining premium calculations to consumers. *Id.* He was thus required to have a measure of expertise in the field, which was necessary to perform his job. *Id.* Based on these facts, the Texas Supreme Court concluded that "[c]learly, [defendant] was engaged in the business of insurance." *Id.*

Here, Mr. Carroll was not a clerical worker or janitor, and he had no responsibility to sell Unum or Provident's insurance policies. *See, e.g., Woodward v. Liberty Mutual Ins. Co.*, No. 3:09-CV-0228-G, 2009 WL 1904840, 2009 U.S. Dist. LEXIS 56257 at *12 (N.D. Tex. July 2, 2009). At the same time, Plaintiff's Petition states that the insurer Defendants "assigned Roy Carroll to adjust the claim and to explain the policy and the claims process on its behalf." *Petition*, at ¶16. The affidavits submitted with the Motion to Remand and Carroll's own declaration, submitted with the Notice of Removal, offer further clarification of Carroll's involvement.[6] Dr. King states that "during the time that Provident was considering the continuation of my claim in the summer of

[5](...continued)
n.1 (S.D. Tex. Jan. 20, 2010) (citing *Lubin*, 222 S.W. 3d at 422 n.11 with regard to Chapter 541 of the current Code).

[6]As discussed, above, the court may consider summary-judgment type evidence, such as affidavits. *Griggs*, 181 F.3d at 700.

2008, the company sent Roy Carroll out to my home. I understood from Glenda Alin, one of Provident's benefit specialists, that Mr. Carroll was an investigator from Provident and was assigned to conduct an evaluation." *Affidavit of James King, Exhibit A to Motion to Remand.*

Dr. King's wife, Shayne King, further states that "Mr. Carroll also went over the policy with us while he was there, discussing the provisions in detail." *Affidavit of Shayne King, Exhibit B to Motion to Remand.* She also states in her affidavit that Carroll made certain representations about Provident's policies, he advised them to call him directly if they had any problems with the claim, and that he was going to write a report and give it to Glenda Alin for review. *Id.*

In contrast, Roy Carroll states that his job duties and responsibilities were that of "a Field Representative employed by Unum Group." *Declaration of Roy Carroll, Exhibit A to Notice of Removal.* His job duties "are to meet with claimants and gather facts and data from the claimant regarding his/her condition, current status, daily activities, and future plans. My role is to gather information from the claimant and then transmit that information to the insurance company. I am not, and never have been, a claims representative or a claims adjuster...I do not have any specialized expertise in the insurance industry." *Id.* He also states that "I had no decision making authority with respect to King's benefit claim and I did not decide whether his claim was payable or not. I did not handle or adjust King's benefit claim. I was not assigned...to adjust or decide King's claim, to explain the coverage under his insurance policy, or to provide details on the claims process." *Id*.

As a "field representative" for Defendant Unum, the Court finds that Carroll is a person engaged in the business of insurance for purposes of Section 541. The Court reaches this

conclusion viewing the Plaintiff's claims and submitted affidavits in the most favorable light[7]. While Mr. Carroll may not be considered an "adjuster,"[8] the pled facts support a finding that he is a person engaged in the business of insurance. Other district court cases have reached the same conclusion in similar cases.

In *Mayorga*, United States District Judge Janice Jack concluded that the defendant insurer had failed to carry its burden in demonstrating that an individual defendant, a "casualty representative" employed by GEICO, "is not personally liable under the Insurance Code or that Defendant Hicks does not engage in the business of insurance." 2010 U.S. Dist. LEXIS 4023 at *8. Judge Jack's decision turned on the nature of the plaintiff's claims against the individual defendant, including claims that he failed to conduct a reasonable investigation and failed to effect prompt resolution, much like the Plaintiff's claims in this case. *Id.* at *7. *See also* Appendix of Plaintiff's claims against Carroll, *infra*.

In *West End Square, Ltd. v. Great American Insurance Co. of New York*, United States Magistrate Judge Paul D. Stickney also concluded that the individual adjuster was a person engaged in the business of insurance for purposes of Section 541 of the Texas Insurance Code. No. 3:06-CV-1871, 2007 WL 804714, 2007 U.S. Dist. LEXIS 17710 at *17 (N.D. Tex. March 14, 2007). Judge Stickney's analysis and application of *Garrison* in that case significantly turn on the individual defendant's actual involvement in the plaintiff's claims. *Id.* The individual defendant,

---

[7]*See Travis*, 326 F.3d at 649 (the court must also take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff).

[8]In pertinent part, the Texas Insurance Code defines an adjuster as "an individual who... investigates or adjusts losses on behalf of an insurer as an independent contractor or as an employee of ...an insurer... [or] supervises the handling of claims." TEX. INS. CODE § 4101.001(a).

Bob Thomas, was indeed labeled an "adjuster,"[9] but Judge Stickney went further in analyzing his actions to determine if he was "engaged in the business of insurance" within the meaning of *Garrison*:

> "With respect to Thomas' investigative duties, although the tasks may not necessitate the degree of specialized insurance knowledge that an insurance sales or servicing person may need, this Court does not find that the investigative duties would be placed in the same category as clerical/janitorial work. The Court finds it telling that, although Thomas may not need to utilize the specialized insurance knowledge that he possesses as an adjuster in performing these investigative duties, Great American hired Thomas, a licensed insurance adjuster employed by Central Insurance Adjusters, to be their investigator/courier. Therefore, this seems to indicate that Thomas' specialized knowledge may be beneficial in the investigative effort, a benefit that would be lacking had Great American retained a clerical/janitorial worker with no specialized insurance knowledge to gather the facts and data for Plaintiff's claim.

*West End Square, Ltd.*, 2007 U.S. Dist. LEXIS 17710 at *16-*17.

In this case, although Carroll states himself that he is not an adjuster and has no specialized knowledge, the Plaintiff's pled facts and submitted affidavits, viewed in the most favorable light, establish that Carroll played an investigatory role in the Plaintiff's claims, rising to a level far above the clerical/janitor role exempted from liability under *Garrison*. The Petition avers that Carroll misrepresented Dr. King's coverage under the Policy and that he was assigned to adjust the claim and explain the policy and claims process on behalf of the insurer Defendants. *See Petition*, at ¶16; 19. Shayne King's affidavit states that Carroll went over the policy and discussed provisions with the Plaintiff and his wife, that he discussed Provident policies regarding disability benefits, and advised them to call him directly regarding Dr. King's claim. *See Affidavit of Shayne King.* While

---

[9]*See also Jones v. Ace American Ins. Co.*, No. 1:06-CV-616, 2006 WL 3826998, 2006 U.S. Dist. LEXIS 93346 at *17-*18 (E.D. Tex. Dec. 22, 2006) (Crone, J.) (holding that although insurance adjusters, as a general rule, are subject to liability under the Insurance Code, the focus must be on determining whether the individual defendant, specifically, is a person engaged in the business of insurance with respect to the plaintiff's claims.) This gives credence to this Court's analysis which turns on the specific facts regarding Carroll's involvement in the Plaintiff's claims rather than whether he is labeled as an adjuster.

Carroll's own affidavit conflicts with this recollection to some degree, he does state that he took on the role of investigator and information gatherer for Unum Group in his capacity as their employee. *See Declaration of Roy Carroll*. This is not unlike the situation in *West End Square*, where the Court held that although the defendant may not have utilized specialized insurance knowledge, the fact that he was hired as an investigator/courier by the insurer indicated that he possessed some specialized knowledge beneficial to the claims investigating effort, a knowledge that would be lacking in a clerical/janitorial worker. 2010 U.S. Dist. LEXIS 17710 at *17. In other words, based on the facts presented, Carroll's role in investigating Dr. King's claim rises to a specialized level above that of a ministerial or clerical employee. Considering his Declaration along with the Petition and the plaintiff's affidavits, there is no dispute that Carroll, at the minimum, played an investigatory role in obtaining information about Dr. King's claim on behalf of Defendant Unum Group. Investigating and processing information for claims purposes are taken into account when determining a factual predicate for alleged violations under Section 541. *See Warren v. State Farm Mut. Auto. Ins. Co.*, No. 3:08-CV-0768, 2008 WL 4133377, 2008 U.S. Dist. LEXIS 68646 at *14-*15 (N.D. Tex. Aug. 29, 2008). Viewing the pled facts in the most favorable light, the Court concludes that Defendant has not demonstrated that there is no possibility that Carroll is not a "person" engaged in the business of insurance subject to liability under the Texas Insurance Code.

*Does the state court petition allege sufficient facts to support a cause of action against Carroll?*

Relatedly, the Court concludes that the Defendant have not carried their burden in establishing that there is no reasonable basis to predict that the Plaintiff might be able to recover against Carroll on the alleged violations of the Texas Insurance Code. To state a valid state law cause of action, Plaintiff's Original Petition must demonstrate a "factual fit" between his allegations

and the pleaded theory of recovery. *Griggs*, 181 F.3d at 701. Other courts have found such "factual fit" when a plaintiff's complaint ascribed specific conduct to the defendant, such as misrepresenting that a policy covers plumbing leaks and thereafter hiring a biased engineer[10]; misrepresenting that a policy provides 100 per cent coverage against mold damage[11]; misrepresenting that defendant was present at plaintiff's home to inspect mold damage and that mold damage did not exceed plaintiff's deductible[12]; and "fail[ing] to commission a reasonable engineering inspection and indoor air quality investigation of the Plaintiffs' home"[13]. The Court concludes that an adequate "factual fit"is present in this case.

Each of Plaintiff's contentions regarding unfair settlement practice closely tracks language in Section 541.060, Texas Insurance Code. *See* Appendix, *infra*, for comparison of Plaintiff's contentions and Texas Insurance Code. His pled statements also set forth a connection between Carroll and the alleged violations. For example, the Petition states that "Carroll misrepresented to Plaintiff that Plaintiff was not entitled to lifetime Policy benefits and withheld relevant and pertinent information regarding Plaintiff's Policy benefits, even though the damage was caused by a covered occurrence." *Petition*, at ¶19. When the Court pierces the pleadings[14], as it may do under the

---

[10] *Clark v. State Farm Lloyd's*, No. 3:01-cv-1471, 2001 U.S. Dist. LEXIS 19304, 2001 WL 1516762 (N.D. Tex. Nov. 26, 2001).

[11] *Hernden v. State Farm Lloyd's,* No. SA-05-CA-1103, 2006 U.S. Dist. LEXIS 16190, 2006 WL 870663 (W.D. Tex. Mar. 02, 2006).

[12] *Martin v. Chubb Lloyds Ins. Co. of Texas*, 2004 WL 2526425 (W.D. Tex, Oct. 21, 2004).

[13] *Killion v. Allstate Texas Lloyd's Co., et al.*, 2004 WL 612843, at *6 (S.D. Tex., Feb. 25, 2004).

[14] *See Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 545-46 (5th Cir. 2004) (for removal purposes, a local defendant is deemed fraudulently joined not only when there is no arguably reasonable basis for predicting that the local law would recognize the cause of action pled against that defendant, but also when, as shown by piercing the pleadings in a summary judgment type procedure, thee is no arguably reasonable basis for predicting that the plaintiff would produce sufficient evidence to sustain a finding necessary to recover against the defendant.")

improper joinder analysis, the affidavits support the alleged misrepresentation. The pled facts are enough to illustrate what actions are attributable to Carroll individually and go beyond "near verbatim recitation of portions of Chapters 541 and 542 of the Texas Insurance Code." *See Lakewood Chiropractic Clinic v. Travelers Lloyds Ins. Co.*, Civ. A. No. H-09-1728, 2009 WL 3602043, 2009 U.S. Dist. LEXIS 99854 (S.D. Tex. Oct. 27, 2009). This is not to say that the Plaintiff's claims are meritorious, but rather that there is *mere possibility* that he will prevail on his claims under the Texas Insurance Code. *See Jones v. Ace American Ins. Co.*, No. 1:06-CV-616, 2006 WL 3826998, 2006 U.S. Dist. LEXIS 93346 at *14 (E.D. Tex. Dec. 22, 2006) (Crone, J.) (quoting *Rodriquez v. Sabatino,* 120 F.3d 589, 591 (5th Cir. 1997), *cert. denied* 523 U.S. 1072 (1998)) ("in evaluating a claim for fraudulent joinder, we do not determine whether the plaintiff will actually or evan probably prevail on the merits of the claim, but look only for a possibility that the plaintiff may do so.") If proven true, Dr. King's allegations against Carroll present a sufficient "factual fit" creating a reasonable possibility that Dr. King could prevail on his claims against Carroll individually. *See, e.g., Harris v. Allstate Texas Lloyd's*, No. H-10-0753, 2010 WL 1790744, 2010 U.S. Dist. LEXIS 43114 at *12 (S.D. Tex. April 30, 2010). Evidence presented by Defendant in Carroll's declaration does not necessarily disprove these allegations, as discussed above. Because the Court must consider all allegations in the state court petition in the light most favorable to the plaintiff, the Court cannot conclude that there is no reasonable basis to predict that Dr. King might recover against Carroll. Comparing the Plaintiff's claims and pled facts asserted against Carroll to other district court cases supports this Court's decision. *See, e.g., Jones; West End Square, Ltd;, Warren; Harris; supra*. The undersigned accordingly concludes that the removing Defendants have not established that there exists "no reasonable basis...to predict that the plaintiff

-18-

might be able to recover against [Carroll]." *Smallwood*, 385 F.3d at 573. Emphasizing that the focus of the inquiry is on joinder, not the merits of plaintiff's case[15], the Court concludes that there is a reasonable possibility of recovery against Carroll in this case, based on the Plaintiff's pled facts and claims. *See Campbell*, 509 F.3d at 669. Accordingly, Plaintiff's claims under the Texas Insurance Code against Carroll stand as pled for purposes of remand and he was not improperly joined under the relevant analysis.

### Conclusion and Order

Based on the findings, analysis, and legal conclusions set forth herein, the Court finds that the removing Defendants Provident and Unum have not established that Plaintiff's state court petition provides "no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 326 F.3d at 573. The Court further finds that Carroll, an in-state defendant, was properly joined in this lawsuit. Accordingly, the Court lacks subject matter jurisdiction as complete diversity of citizenship does not exist. Removal of this case to federal court was improper. The undersigned United States Magistrate Judge accordingly recommends that the District Court **grant** Plaintiff's motion to remand [Clerk's doc. #4] and remand this case to the 136th Judicial District Court of Jefferson County, from which it was removed.

### Objections

Pursuant to 28 U.S.C. § 636(b)(1)(c), all parties are entitled to serve and file written objections to the report and recommendation of the magistrate judge within fourteen (14) days of service. Failure to file specific, written objections to the proposed findings of facts, conclusions

---

[15]*See Smallwood*, 385 F.3d at 573.

of law and recommendations contained within this report shall bar an aggrieved party from *de novo* review by the District Judge of the proposed findings, conclusions and recommendations, and from appellate review of factual findings and legal conclusions accepted by the District Court except on grounds of plain error. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Douglass v. United Serv. Auto. Ass'n.,* 79 F.3d 1415 (5th Cir. 1996) (*en banc*); 28 U.S.C. § 636(b)(1).

**SIGNED this the 4th day of June, 2010.**

KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE

# APPENDIX

The following paragraphs of the Original Petition set forth Plaintiff's claims against Roy Carroll:

¶19    Defendants. ... Carroll misrepresented to Plaintiff that Plaintiff was not entitled to lifetime Policy benefits and withheld relevant and pertinent information regarding Plaintiff's Policy benefits, even though the damage was caused by a covered occurrence. (citing Tex. Ins. Code. § 541.060(a)(1)).

¶48    Defendant Carroll's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. (citing Tex. Ins. Code. § 541.060(a)(1)).

¶20    Defendants ...Carroll failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. (citing Tex. Ins. Code. § 541.060(a)(2)(A)).

¶49    Defendant Carroll's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the

The Texas Insurance Code, Unfair Settlement Practices, states:

"It is an unfair method of competition or an unfair or deceptive act or practice in the business of insurance to engage in the following unfair settlement practices with respect to a claim by an insured or beneficiary:" Tex. Ins. Code Ann. § 541.060(a).

The sections which Plaintiffs cite read as follows:

"(1) misrepresenting to a claimant a material fact or policy provision relating to coverage at issue;" Tex. Ins. Code § 541.060(a)(1).

"(2) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of:
(A) a claim with respect to which the insurer's liability has become reasonably clear;" Tex. Ins. Code Ann. § 541.060(a)(2)(A).

business of insurance. (citing TEX. INS. CODE ANN. § 541.060(a)(2)(A)).

¶21    Defendants...Carroll failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendants did not communicate that any future settlements or payments would be forthcoming to pay the benefits under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claims. (citing TEX. INS. CODE. § 541.060(a)(3)).

"(3) failing to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;" TEX. INS. CODE ANN. § 541.060(a)(3).

¶ 50    The unfair settlement practice of Carroll, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiff's claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance (citing TEX. INS. CODE ANN. § 541.060(a)(3)).

¶ 22    Defendants . . . failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendant (citing TEX. INS. CODE ANN. § 541.060(a)(4)).

"(4) failing within a reasonable time to:
(A) affirm or deny coverage of a claim to a policyholder; or
(B) submit a reservation of rights to a policyholder;" TEX. INS. CODE ANN. § 541.060(a)(4).

# APPENDIX

¶ 51    Defendant Carroll's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance (citing TEX. INS. CODE ANN. § 541.060(a)(4)).

¶ 23    Defendants...Carroll refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendants failed to conduct a reasonable investigation. Specifically, Defendants performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses under the disability policy. (citing TEX. INS. CODE ANN. § 541.060(a)(7)).

"(7) refusing to pay a claim without conducting a reasonable investigation with respect to the claim;" TEX. INS. CODE ANN. § 541.060(a)(7).

¶ 52    Defendant Carroll's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance (citing TEX. INS. CODE ANN. § 541.060(a)(7)).

¶ 53    Carroll . . . [is] liable to Plaintiff for common law fraud.

[These paragraphs in the Petition allege common law fraud and conspiracy to commit fraud.]

¶ 54    Each and every one of the representations, as described above, concerned material facts for the

reason Plaintiff would not have acted and which Defendants Provident, Unum and Carroll knew was false or made recklessly without any knowledge of their truth as a positive assertion.

¶ 55   The statements were made with the intention that they should be acted upon by Plaintiff, who in turn acted in reliance upon the statements, there causing Plaintiff to suffer injury and constituting common law fraud.

¶ 56   Carroll . . . [is] liable to Plaintiff for conspiracy to commit fraud. . . . Defendants were a member of a combination of two or more persons whose object was to accomplish an unlawful purpose or a lawful purpose by unlawful means.  In reaching a meeting of the minds regarding the course of action to be taken against Plaintiff, Defendants . . committed an unlawful, overt act to further the object or course of action.  Plaintiffs suffered injury as a proximate result.